IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALTON COREY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-cv-2140 |
| CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation, and CITY OF CHAMPAIGN POLICE OFFICERS WILLIAM G. KILLIN (Star 740),  and DILLON L. HOLLOWAY (Star 759), | ) ) ) ) ) ) ) |
|     Defendants. | ) |

**DEFENDANT CITY OF CHAMPAIGN, ILLINOIS' ANSWER
TO COMPLAINT AT LAW**

NOW COMES CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation, by and through its attorneys, Thomas, Mamer & Haughey, LLP, and as Answer to the Complaint in this case, states as follows:

**INTRODUCTION**

1. This Defendant admits all of the allegations contained in paragraph 1.

2. This Defendant admits all of the allegations contained in paragraph 2.

3. This Defendant neither admits nor denies the allegations regarding Alton Corey's past criminal history due to insufficient knowledge or information to form a belief about the truth of the allegation, but admits the remaining allegations contained in paragraph 3.

4. This Defendant admits all of the allegations contained in paragraph 4.

5. This Defendant admits all of the allegations contained in paragraph 5.

## **FACTUAL BACKGROUND**

6. This Defendant neither admits nor denies the allegations contained in paragraph 6 due to insufficient knowledge or information to form a belief about the truth of the allegation.

7. This Defendant neither admits nor denies the allegations contained in paragraph 7 due to insufficient knowledge or information to form a belief about the truth of the allegation.

8. This Defendant admits the allegations contained in paragraph 8.

9. This Defendant admits that Plaintiff opened his door and admits that Plaintiff made it clear that he did not consent to anyone entering his apartment. Defendant denies that either officer escalated the encounter, but admits that Officer Holloway pushed the Plaintiff to create distance between himself and the Plaintiff.

10. This Defendant admits the allegations contained in paragraph 10.

11. This Defendant admits that after Plaintiff initiated contact with Co-defendant Officers, Co-defendant officers grabbed the Plaintiff to take him to the ground. This Defendant admits that due to Plaintiff continuing to struggle, Plaintiff's face struck a door across the hall from Plaintiff's apartment while Plaintiff was being taken to the ground by Co-defendant Officers.

12. This Defendant admits that Defendant officers used force against Plaintiff resulting in facial injuries. This Defendant neither admits nor denies that Plaintiff blacked out or suffered shoulder injuries as a result of his fall due to insufficient knowledge or information to form a belief about the truth of the allegation. This Defendant denies that the use of force was unreasonable.

13. On information and belief, the photo presented was taken by the Champaign County Sheriff's Office as a booking photo.

14. This Defendant denies each and every allegation contained in paragraph 14.

15. This Defendant denies that the charges against Plaintiff were false and baseless and without probable cause. This Defendant denies that the charges were dismissed in a manner indicative of innocence. This Defendant neither admits nor denies that the prosecutor viewed the video due to insufficient knowledge or information to form a belief about the truth of the allegation. This Defendant admits charges were ultimately dismissed by the prosecutor in January 2018.

## COUNT I
### (Section 1983:  4th Amendment Excessive Force)
### (Against Defendant Officers)

This Defendant states that this count is not directed against it and, therefore, supplies no answer to this count.

## COUNT II
### 42 U.S.C. § 1983:  False Arrest
### (Against Defendant Officers)

This Defendant states that this count is not directed against it and, therefore, supplies no answer to this count.

## COUNT III
### Conspiracy Under Federal and State Law
### (Against Defendant Officers)

This Defendant states that this count is not directed against it and, therefore, supplies no answer to this count.

## COUNT IV
### Malicious Prosecution & Unlawful Detention Under *Manuel v. City of Joliet*
### (Against Defendant Officers)

This Defendant states that this count is not directed against it and, therefore, supplies no answer to this count.

## COUNT V
### Intentional Infliction of Emotional Distress
### (Against Defendant Officers)

This Defendant states that this count is not directed against it and, therefore, supplies no answer to this count.

## COUNT VI
### Municipal Policy Claim
### (Against Defendant City of Champaign)

45. Defendant City provides the same responses as provided above and by Co-defendant Officers.

46. Defendant City admits the allegations contained in paragraph 46.

47. Defendant City admits the allegations contained in paragraph 47.

48. Defendant City denies each and every allegation contained in paragraph 48.

49. Defendant City denies each and every allegation contained in paragraph 49.

50. Defendant City denies each and every allegation contained in paragraph 50.

51. Defendant City denies that any facts developed prior to settlement of each of these four cases establish a pattern or practice and denies any remaining allegations or characterizations of paragraph 51.

52. Defendant City denies each and every allegation contained in paragraph 52.

53. Defendant City denies each and every allegation contained in paragraph 53.

54. Defendant City admits the allegations contained in paragraph 54.

## COUNT VII
### Respondeat Superior
### (Against Defendant City of Champaign)

55. Defendant City adopts the responses provided above.

56. Defendant City admits the allegations contained in paragraph 56.

57. Defendant City admits that Defendant Officers were acting within the scope of their employment but deny that respondeat superior applies because the Officers are not liable in this matter.

## COUNT VIII
### Statutory Indemnification
### (Against Defendant City of Champaign)

58. Defendant City adopts the responses provided above.

59. Defendant City admits that Plaintiff is seeking indemnification but denies that Plaintiff is entitled to indemnification.

60. Defendant City admits the allegations contained in paragraph 60.

61. Defendant City admits that Defendant Officers are employees acting within the scope of their employment but deny any misconduct.

WHEREFORE, this Defendant respectfully requests that judgment be entered in its favor and against the Plaintiff and for costs.

Respectfully submitted,

CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation

BY:  THOMAS, MAMER & HAUGHEY, LLP

BY:  s/ David E. Krchak
_____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com

**AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, City of Champaign, and asserts the following affirmative defenses:

1. With regard to Counts I, II, III, IV, and V, the Defendant asserts all of the Affirmative Defenses asserted by Defendant Officers.

2. With regard to Counts VI, VII, and VIII, the City is not liable because no liability exists from the actions or inactions of the Defendant Officers.

3. With regard to Counts I, II, III, IV, V, VI, VII and VIII, Defendant asserts that the damages to the Plaintiff did not arise from inappropriate actions or inactions by Defendants, as those actions or inactions were not the proximate cause of any damage to the Plaintiff. Rather, the actions or inactions of the Plaintiff himself led to the damages.

4. With regard to Counts I, II, III, IV, V, VI, VII, and VIII, Defendant asserts that there was a justifiable use of force in this matter.

WHEREFORE, this Defendant prays that Counts VI, VII, and VIII be dismissed as to this Defendant with prejudice and for costs.

Respectfully submitted,

CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation

BY: THOMAS, MAMER & HAUGHEY, LLP
    s/ David E. Krchak
BY: _____
    David E. Krchak, Bar No. 3127316
    THOMAS, MAMER & HAUGHEY, LLP
    30 Main St., Suite 500
    P.O. Box 560
    Champaign, IL  61824-0560
    Phone: (217) 351-1500
    Fax:    (217) 351-2169
    krchak@tmh-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

                                          s/ David E. Krchak

                                          _____
                                          David E. Krchak, Bar No. 3127316
                                          THOMAS, MAMER & HAUGHEY, LLP
                                          30 Main St., Suite 500
                                          P.O. Box 560
                                          Champaign, IL  61824-0560
                                          Phone: (217) 351-1500
                                          Fax:    (217) 351-2169
                                          krchak@tmh-law.com