IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ALTON COREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2140 |
| | ) | |
| CITY OF CHAMPAIGN, ILLINOIS, | ) | |
| a municipal corporation, and CITY OF | ) | |
| CHAMPAIGN POLICE OFFICERS | ) | |
| WILLIAM G. KILLIN (Star 740),    and | ) | |
| DILLON L. HOLLOWAY (Star 759), | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT HOLLOWAY'S ANSWER TO COMPLAINT AT LAW**

NOW COMES DILLON L. HOLLOWAY, by and through his attorneys, Thomas, Mamer & Haughey, LLP, and as Answer to the Complaint in this case, states as follows:

## **INTRODUCTION**

1.    This Defendant admits all of the allegations contained in paragraph 1.

2.    This Defendant admits all of the allegations contained in paragraph 2.

3.    This Defendant neither admits nor denies the allegations regarding Alton Corey's past criminal history due to insufficient knowledge or information to form a belief about the truth of the allegation, but admits the remaining allegations contained in paragraph 3.

4.    This Defendant admits all of the allegations contained in paragraph 4.

5.    This Defendant admits all of the allegations contained in paragraph 5.

## **FACTUAL BACKGROUND**

6.    This Defendant neither admits nor denies the allegations contained in paragraph 6 due to insufficient knowledge or information to form a belief about the truth of the allegation.

7. This Defendant neither admits nor denies the allegations contained in paragraph 7 due to insufficient knowledge or information to form a belief about the truth of the allegation.

8. This Defendant admits the allegations contained in paragraph 8.

9. This Defendant admits that Plaintiff opened his door and admits that Plaintiff made it clear that he did not consent to anyone entering his apartment. Defendant denies that he escalated the encounter, but admits that he pushed the Plaintiff to create distance between himself and the Plaintiff.

10. This Defendant admits the allegations contained in paragraph 10.

11. This Defendant admits that after Plaintiff initiated contact with this Defendant, this Defendant and Co-defendant Killin grabbed the Plaintiff to take him to the ground. This Defendant admits that due to Plaintiff continuing to struggle, Plaintiff's face struck a door across the hall from Plaintiff's apartment while Plaintiff was being taken to the ground by this Defendant and Co-defendant Killin.

12. This Defendant admits that Defendant officers used some force against Plaintiff causing him to black out and resulted in facial injuries. This Defendant neither admits nor denies that Plaintiff blacked out or suffered shoulder injuries as a result of his fall due to insufficient knowledge or information to form a belief about the truth of the allegation. This Defendant denies that the use of force was unreasonable.

13. On information and belief, the photo presented was taken by the Champaign County Sheriff's Office as a booking photo.

14. This Defendant denies each and every allegation contained in paragraph 14.

15. This Defendant denies that the charges against Plaintiff were false and baseless and without probable cause. This Defendant denies that the charges were dismissed in a manner

indicative of innocence. This Defendant neither admits nor denies that the prosecutor viewed the video due to insufficient knowledge or information to form a belief about the truth of the allegation. This Defendant admits charges were ultimately dismissed by the prosecutor in January 2018.

## COUNT I
### (Section 1983: 4th Amendment Excessive Force)
### (Against Defendant Officers)

16.     This Defendant incorporates the responses above.

17.     This Defendant denies all of the allegations contained in paragraph 17.

18.     This Defendant denies that the force used was unreasonable or unjustifiable excessive force. This Defendant admits Plaintiff suffered facial injuries during his arrest and neither admits nor denies that the Plaintiff suffered physical and emotional injuries due to lack of sufficient knowledge or information to form a belief about the truth of the allegation.

## COUNT II
### 42 U.S.C. § 1983: False Arrest
### (Against Defendant Officers)

19.     This Defendant asserts the responses provided above.

20.     It is unclear why this paragraph uses the term Plaintiffs. This Defendant admits that Alton Corey was arrested on the date provided.

21.     Again, it is unclear why paragraph 21 refers to Plaintiffs. This Defendant denies a lack of probable cause at the time of the arrest and denies that Plaintiff had committed no crime or violation of any law.

22.     This Defendant denies each and every allegation contained in paragraph 22.

23.     This Defendant incorporates previous responses above. This Defendant neither admits nor denies any damages due to all of the matters described in previous paragraphs due to insufficient knowledge or information to form a belief about the truth of the allegation.

24.     This Defendant denies the allegations contained in paragraph 24.

## COUNT III
### Conspiracy Under Federal and State Law
### (Against Defendant Officers)

25.     This Defendant adopts the responses provided above.

26.     This Defendant denies each and every allegation contained in paragraph 26.

27.     This Defendant denies each and every allegation contained in paragraph 27.

28.     This Defendant denies each and every allegation contained in paragraph 28.

29.     This Defendant denies each and every allegation contained in paragraph 29.

30.     (Another reference to plural Plaintiffs.)   This Defendant denies each and every allegation contained in paragraph 30.

31.     This Defendant denies each and every allegation contained in paragraph 31.

## COUNT IV
### Malicious Prosecution & Unlawful Detention Under *Manuel v. City of Joliet*
### (Against Defendant Officers)

32.     This Defendant adopts the responses provided.

33.     This Defendant denies every allegation contained in paragraph 33.

34.     This Defendant denies every allegation contained in paragraph 34.

35.     This Defendant admits that the police officers prepared reports regarding this matter.  This Defendant denies the remainder of allegations in this paragraph.

36.     This Defendant admits that his use of force was effective in stopping Plaintiff's attack and resistance.  This Defendant admits that the defendant officers did take Plaintiff to the ground following his attack, but denies all remaining allegations.

37.     This Defendant denies that the official police report stated that Plaintiff "battered a police officer and resisted arrest," though this Defendant admits that Plaintiff did indeed commit a battery.  This Defendant denies that the videos contradict this statement.

38.     This Defendant admits that Plaintiff was arrested and transported to jail and denies the remaining allegations in this paragraph.

39.     This Defendant denies each and every allegation contained in paragraph 39.

40.     This Defendant admits that the criminal proceedings versus Plaintiff were dismissed by the State's Attorney's Office.  This Defendant denies that the dismissal was indicative of Plaintiff's innocence.  This Defendant neither admits nor denies the remaining allegations due to insufficient knowledge or information to form a belief about the truth of the allegation.

41.     This Defendant admits the Plaintiff suffered facial injuries and denies each and every allegation contained in paragraph 41.

## COUNT V
### Intentional Infliction of Emotional Distress
### (Against Defendant Officers)

42.     This Defendant reasserts the responses to the paragraphs above.

43.     This Defendant denies each and every allegation contained in paragraph 43.

44.     This Defendant denies each and every allegation contained in paragraph 44.

## COUNT VI
### Municipal Policy Claim
### (Against Defendant City of Champaign)

This Defendant states that this count is not directed against him and, therefore, supplies no answer to this count.

## COUNT VII
### Respondeat Superior
### (Against Defendant City of Champaign)

This Defendant states that this count is not directed against him and, therefore, supplies no answer to this count.

## COUNT VIII
### Statutory Indemnification
### (Against Defendant City of Champaign)

This Defendant states that this count is not directed against him and, therefore, supplies no answer to this count.

WHEREFORE, this Defendant respectfully requests that judgment be entered in his favor and against the Plaintiff and for costs.

Respectfully submitted,

DILLON L. HOLLOWAY

BY:  THOMAS, MAMER & HAUGHEY, LLP

s/ David E. Krchak

BY:  _____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant and asserts the following affirmative defenses:

1. With respect to Counts I and II, and to the extent Counts III and IV assert Constitutional claims, the Defendant asserts that the officers' actions with regard to assessing the situation, restraining the unruly Plaintiff and summoning emergency medical assistance, did not violate the Constitution in that the officers' actions were done in a matter consistent with the practices of reasonable officers at the time. Thus, the officers are entitled to qualified immunity.

2. With respect to Counts III, IV, and V, this Defendant asserts that any action or inaction on his part does not rise to the level of willful and wanton conduct and, hence, the claims are barred by the Illinois Local Governmental Tort Immunity Act, 745 ILCS 10/1, et. seq. and the Good Samaritan Act, 745 ILCS 49/1 et seq.

3. With respect to Counts III, IV, and V, this Defendant asserts that the negligent and/or willful and wanton conduct of the Plaintiff contributed to the damages arising out of the incident to such an extent that recovery of the damages is prohibited.

4. With regard to Counts I, II, III, IV, and V, Defendant asserts that there was a justifiable use of force in this matter.

5. To the extent that Plaintiff has plead a claim for punitive damages, Defendant adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided with respect to punitive damages in the following cases and their progeny: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool, Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

6.     With respect to Counts I to IV, this Defendant asserts that the officers are entitled to qualified immunity as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Lunini v. Grayeb*, 395 F.3d 761, 768 (7th Cir. 2005).

WHEREFORE, this Defendant prays that Counts I through VI be dismissed as to this Defendant with prejudice and for costs.

Respectfully submitted,

DILLON L. HOLLOWAY

BY:  THOMAS, MAMER & HAUGHEY, LLP


s/ David E. Krchak

BY:     _____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

s/ David E. Krchak

_____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com